Exhibit "B"

# Exhibit "B-1"

C-0999-21-C

# LAWRENCE LAW FIRM
### *A Professional Corporation*

3112 Windsor Rd. #A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 fax

March 14, 2020

***Via E-File***
Laura Hinojosa, District Clerk
100 N. Closner
Edinburg, Texas 78539

> RE: **NEW FILING:** *Mayela Garza dba Colonial Ciaco Estrellas v. Covington Specialty Insurance Company*

Dear District Clerk:

By this letter, we kindly ask that you file the enclosed petition with request for a jury, and that you please prepare one citation and serve it by certified mail RRR as follows:

a. Defendant Covington Specialty Insurance Company is a New Hampshire Corporation engaging in the business of insurance in the State of Texas, and who may be served by serving its registered agent for the State of Texas:

Risk Management and Compliance RSUI Group at 945 E. Paces Fairy Road Northeast, Suite 1800, Atlanta, GA 30326-1373 or wherever found

If you have any questions, please feel free to contact me directly at 956-792-6286. Thank you.

Warmest Regards,

/s/ Michael A. Lawrence

LARRY W. LAWRENCE, JR.
MICHAEL A. LAWRENCE

# Exhibit "B-2"

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

CAUSE NO. _____

| | | |
|---|---|---|
| MAYELA GARZA D/B/A | § | IN THE DISTRICT COURT |
| COLONIAL CIACO ESTRELLAS | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MAYELA GARZA D/B/A COLONIAL CIACO ESTRELLAS,** complaining of **COVINGTON SPECIALTY INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiffs are residents of Hidalgo County, Texas.

3. Defendant Covington Specialty Insurance Company is a New Hampshire Corporation engaging in the business of insurance in the State of Texas, and who may be served by serving its registered agent for the State of Texas:

Risk Management and Compliance RSUI Group at 945 E. Paces Fairy Road Northeast, Suite 1800, Atlanta, GA 30326-1373 or wherever found.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Covington Specialty Insurance Company (hereinafter

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

"Covington") because it is engaging in the business of insurance in the State of Texas.  Venue is proper in this county because the insured property is situated in Webb County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiff is the owner of the Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Covington with Policy number VBA749419 00.

6. Plaintiff owns the insured property, located at 2200 South Cage Boulevard, Pharr, Texas 78577 (hereinafter referred to as "the Property").

7. Covington sold the Policy insuring the property to Plaintiff.

8. On or about July 25, 2020, Plaintiff sustained extensive physical damage to the insured Property. On this date, Hurricane Hanna slowly moved through the south Texas area, producing heavy rains, and damaging wind and hail.

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of Hurricane Hanna.  Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant Covington. The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff.  Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property.  As a result, Plaintiff has not been paid the full value of the damages

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

suffered to their home.

12. Defendant Covington failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Covington has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Covington's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Covington has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Covington's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Covington's failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant Covington's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Covington's failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Covington failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Covington did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Covington's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

16. Defendant Covington's refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Covington failed to conduct a reasonable investigation. Specifically, Defendant Covington performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Covington's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Covington failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Covington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Covington failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Covington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented her claim to Defendant Covington, the liability of Defendant Covington to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Covington has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Covington's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Covington knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0999-21-C

Plaintiff.

21. As a result of Defendant Covington's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Covington

22. Defendant Covington is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Covington's conduct constitutes a breach of the insurance contract made between Defendant Covington and Plaintiff.

24. Defendant Covington's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Covington's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Covington's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Covington's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

Tex. Ins. Code §541.060(a)(1).

27. Defendant Covington's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Covington's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Covington's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Covington's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Covington's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Covington's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Covington's failure, as described above, to adequately and reasonably

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0999-21-C

investigate and evaluate Plaintiff's claim, although, at that time, Defendant Covington knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## Fraud

33. Defendant Covington is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Covington knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Covington's mishandling of Plaintiff's claim in violation of the laws set forth above.

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

39. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices,

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

Plaintiff is entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff damages between $250,000.00 and $1,000,000.00 (one-million dollars). Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Initial Disclosures

49. Under Texas Rule of Civil Procedure 194, Plaintiff request that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in

Electronically Filed
3/15/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0999-21-C**

accordance with the rules of law and procedure, as to actual damages, treble damages under the

Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs

of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law,

and for any other and further relief, either at law or in equity, to which they will show themselves

justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

ATTORNEYS FOR PLAINTIFFS

# Exhibit "B-3"

Electronically Filed
3/15/2021 1:38 PM
Hidalgo County District Clerks
Reviewed By: Miranda Garza



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

* When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

---

Post Office Box 87 Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

| Nilda Palacios | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION AND PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET AND PROCUREMENT OFFICER | CHIEF OF APPEALS |

# Exhibit "B-4"

**C-0999-21-C**

**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

---

**CITATION**

---

**THE STATE TEXAS**

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Covington Specialty Insurance Company c/o Risk Management and Compliance**
**945 E Paces Fairy Road Northeast**
**Suite 1800**
**Atlanta GA  30326**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 139th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 15th day of March, 2021 and a copy of same accompanies this citation.  The file number and style of said suit being, **C-0999-21-C, MAYELA GARZA DBA COLONIAL CIACO ESTRELLAS VS. COVINGTON SPECIALTY INSURANCE COMPANY C/O RISK MANAGEMENT AND COMPLIANCE**

Said Petition was filed in said court by Attorney Larry W. Lawrence, Jr., 3112 Windsor RD STE A234  Austin TX  78703.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 15th day of March, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**MIRANDA GARZA DEPUTY CLERK**

CERTIFIED MAIL  9214 8901 0661 5400 0160 8068 76

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 15th day of March, 2021 I, Miranda Garza, Deputy Clerk of the 139th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-0999-21-C, Mayela Garza dba Colonial Ciaco Estrellas  VS.  Covington Specialty Insurance Company c/o Risk Management and Compliance a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____ _.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 15th day of March, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____

**MIRANDA GARZA, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____

**Declarant"**

_____

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Exhibit "B-5"

Electronically Filed
4/19/2021 4:39 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

## CAUSE NO. C-0999-21-C

| | | |
|---|---|---|
| **MAYELA GARZA D/B/A** | § | **IN THE DISTRICT COURT OF** |
| **COLONIAL CIACO ESTRELLAS** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **COVINGTON SPECIALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant* | § | **139ᵗʰ JUDICIAL DISTRICT** |

### DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant, Covington Specialty Insurance Company and files this, its *Original Answer and Special Exceptions* in response to Plaintiff's Original Petition and asserts the following:

### SPECIAL EXCEPTIONS

Defendant specially excepts to Plaintiff's failure to comply with Texas Rules of Civil Procedure § 30.014. As such, Defendants request that Plaintiff be required to replead and include the last three numbers of Plaintiff's driver's license number and social security number.

Defendant specially excepts to Plaintiff's statement that "Venue is proper in this county because the insured property is situated in Webb County, Texas." Upon information and belief, the property made the basis of this lawsuit is located in Hidalgo County, Texas. As such, Defendant requests that Plaintiff be required to replead the basis for venue being proper in this Court.

4821-7783-0885.1

Electronically Filed
4/19/2021 4:39 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

## **GENERAL DENIAL**

Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove her charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## **AFFIRMATIVE DEFENSES & INFERENTIAL REBUTTALS**

Defendant alternatively avers that Plaintiff's damages, if any, were caused by the fault, neglect, and want of due care of Plaintiff and/or third parties for whom Defendant is not legally responsible.

Defendant would show that, to the extent applicable, it has fully complied with all provisions, terms, and conditions set forth in the policy of insurance made the basis of this action.

Defendant would further show that the policy made the basis of this action contains terms and conditions expressly excluding coverage sought by Plaintiff. Defendant relies upon the following policy provisions:

- The policy excludes any benefits for wear and tear in § B(2)(d)(1) in the Causes of Loss – Special Form CP 10301012;

- The policy excludes any benefits for rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in the property that causes it to damage or destroy itself in § B(2)(d)(2) in the Causes of Loss – Special Form CP 10301012;

- The policy excludes any benefits for loss or damage caused by or resulting from settling, cracking, shrinking, or expansion in § B(2)(d)(4) in the Causes of Loss – Special Form CP 10301012;

- The policy excludes any benefits for loss or damage caused by or resulting from continuance or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more in § B(2)(f) in the Causes of Loss – Special Form CP 10301012;

Electronically Filed
4/19/2021 4:39 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

- There is no coverage for loss or damage caused by or resulting from faulty, inadequate, or defective planning, zoning, development, surveying, or sitting of part or all of any property on or off the described premises per § B(3)(c)(1) in the Causes of Loss – Special Form CP 10301012;

- There is no coverage for loss or damage caused by or resulting from faulty, inadequate, or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction of part or all of any property on or off the described premises per § B(3)(c)(2) in the Causes of Loss – Special Form CP 10301012;

- There is no coverage for loss or damage caused by or resulting from faulty, inadequate, or defective materials used in repair, construction, renovation or remodeling of part or all of any property on or off the described premises per § B(3)(c)(3) in the Causes of Loss – Special Form CP 10301012;

- There is no coverage for loss or damage caused by or resulting from faulty, inadequate, or defective maintenance of part or all of any property on or off the described premises per § B(3)(c)(4) in the Causes of Loss – Special Form CP 10301012;

- There is no coverage for loss or damage to "the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand, dust, whether driven by wind or not unless: (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure" per § C(1)(c) in the Causes of Loss – Special Form CP 10301012;

- Any amount that exceeds the limit of liability as asserted in the Commercial Property Coverage Part Declarations and the Commercial Property Coverage Supplemental Declarations of Policy VBA749419 00;

- The coverage afforded by VBA749419 00 only applies to covered damage that occurs within the applicable policy period of March 19, 2020 to March 25, 2021;

- Any benefits deemed awardable, although Defendant asserts no such benefits are awardable, are subject to the 1% of the value of the property subject to a $2,500 minimum deductible agreed upon by Plaintiffs as established by the Policy Declarations on Windstorm or Hail in Form GBA 404011 1012; and

- Any benefits deemed awardable, although Defendant asserts no such benefits are awardable, are subject to the 80% coinsurance limit as stated in the Commercial Property Coverage Part Declarations and the Commercial

Electronically Filed
4/19/2021 4:39 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

Property Coverage Supplemental Declarations as defined in Section F(1) of Form CP 00101012.

Pleading further and in the alternative, Defendant would show that Plaintiff has failed to mitigate her damages. Further, Defendant would assert the affirmative defenses of accord and satisfaction, release, payment, credit, offset, breach of contract, res judicata, collateral estoppel, statute of limitations, waiver, and laches.

Further answering and without waiving the foregoing, Defendant would show that certain acts or omissions of Plaintiff were relied upon by Defendant. Therefore, Defendant asserts the affirmative defense of estoppel.

Further answering and without waiving the foregoing, Defendant would show that the imposition of punitive, treble, or exemplary damages upon Defendant for the allegations made by Plaintiff violates the contract clause of Article I, Section 20, Clause I of the Constitution of the United States of America, the equal protection clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the due process clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the excessive fines clause contained in the Eighth Amendment of the Constitution of the United States of America, the illegal seizures clause contained in the Fourth Amendment of the Constitution of the United States of America, the deprivation of property without due process clause contained in the Fifth Amendment of the Constitution of the United States of America, the excessive fines clause contained in Article I, Section 13 of the Constitution of the State of Texas, and the contract clause contained in Article I, Section 16 of the Constitution of the State of Texas.

For any claims for punitive damages and/or pre-judgment interest, Defendant invokes the limitations on punitive damages and prejudgment interest contained in Chapter

Electronically Filed
4/19/2021 4:39 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

41 of the Texas Civil Practice and Remedies Code. Pursuant to Section 41.008 of the Texas Civil Practice and Remedies Code, such limitations may not be made known to the jury.

Further answering and without waiving the foregoing, Defendant Covington would show that the insurance policy made the basis of this lawsuit was negotiated between parties of equal bargaining power and that no "special relationship" existed such that no duty of good faith and fair dealing could arise from the contract made the basis of this lawsuit.

Pleading further and in the alternative, Defendant specifically denies that all conditions precedent to recovery have been performed, waived, or have occurred given Plaintiff's departure from the insurance policy in question, appraisal process under the insurance policy in question, lack of adequate or sufficient notice, and others to be shown at trial.

## **JURY DEMAND**

Defendant herein gives Plaintiff notice, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, and formally make their demand and application for a jury trial in this litigation. A Jury Fee is being paid simultaneously with the filing of Defendant's Original Answer.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Covington Specialty Insurance Company respectfully prays that Plaintiff's lawsuit against it be dismissed at Plaintiff's costs, that it recovers its costs and attorneys' fees, and that the Court grant all other further relief, both special and general, at law and in equity, to which it may be justly entitled.

Electronically Filed
4/19/2021 4:39 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

Respectfully Submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Andrew J. Kuldanek*

Joelle G. Nelson
Texas State Bar No. 24032501
Andrew J. Kuldanek
Texas State Bar No. 24070089
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
Joelle.Nelson@lewisbrisbois.com
Andrew.Kuldanek@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT
COVINGTON SPECIALTY
INSURANCE COMPANY**

4821-7783-0885.1

Electronically Filed
4/19/2021 4:39 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by or from me in accordance with the Texas Rules of Civil Procedure on this 19th day of April, 2021, on the following counsel of record:

**_Attorneys for Plaintiff:_**
Larry W. Lawrence, Jr.
Michael Lawrence
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
Fax: (800) 507-4152
Lawrencefirm@gmail.com


 /s/ Andrew J. Kuldanek
ANDREW J. KULDANEK